AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Washington Government Environmental Servs., LLC )<br>*Plaintiff* )<br>v. )<br>Shaw AREVA MOX Services, LLC )<br> )<br>*Defendant* ) | Civil Action No. 3:14-cv-02125-MGL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Major Tool & Machine, Inc., 1458 East 19th St., Indianapolis, IN 46218-4289

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A for instructions and documents to be produced.

| Place: Brian P. Waagner c/o Daniel King<br>201 N. Illinois, Suite 1900<br>Indianapolis, IN 46204-4236 | Date and Time:<br>11/18/2015 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/19/2015

CLERK OF COURT                                     OR     *Brian P. Waagner*

_____                          _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Washington Government Environmental Servs., LLC _____, who issues or requests this subpoena, are:
Brian Waagner, 750 17th St. NW, Suite 900, Washington, DC; brian.waagner@huschblackwell.com; (202) 378-2300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-02125-MGL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

## INSTRUCTIONS AND DEFINITIONS

1. "Major Tool" means Major Tool & Machine, Inc., 1458 East 19th St., Indianapolis, IN 46218-4289, and its affiliates, agents, employees, attorneys, and all other persons acting on its behalf.

2. "MOX" means Shaw AREVA MOX Services, LLC, and its members, affiliates, agents, representatives, employees, attorneys and all other persons acting on its behalf, including specifically CB&I Project Services Group, LLC; AREVA NP Inc.; AREVA Federal Services, LLC; and AREVA S.A.

3. "MOX Project" means the Mixed Oxide Fuel Fabrication Facility construction project, for which MOX holds prime contract DE-AC02-99CH10888 with the United States Department of Energy.

4. "NCR Unit" means the NCR Scrap Processing Unit Glovebox Shell and Ventilation for use at the MOX Project.

5. "NDP Unit" means the NDP Primary Dosing Unit QL-1 Glovebox Shell and Ventilation for use at the MOX Project.

6. "PQE GB 2000" means the PQE GB2000 Quality Control Glovebox assembly and frame for use at the MOX Project.

7. "Reprocurement Subcontract" means the subcontract (or, if multiple, subcontracts collectively) awarded by MOX to Major Tool to fabricate the NCR Unit, NDP Unit, and PQE GB 2000 for use on the MOX Project.

8. "Glovebox Subcontractor" means a MOX subcontractor engaged to provide labor, materials, and/or services in connection with the manufacture, fabrication, or testing of stainless

steel gloveboxes or process assembly units on the MOX Project. Upon information and belief, each of the following is a Glovebox Subcontractor: FNAG; WGES; Oak Ridge Tool-Engineering, Inc.; Peterson, Inc.; Oldenburg Group Inc.; SA Technologies; Byers Precision Fabricators; Major Tool; IP Systems, Inc.; Premier Technology, Inc.; Oregon Iron Works Inc.; and Flanders Corporation.

    9.    As used in these requests, the term "documents" is synonymous in meaning and equal in scope to its usage in Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information ("ESI"). Documents should be produced as they are kept in the ordinary course of business.

    10.    Unless otherwise agreed by counsel, ESI, including but not limited to e-mail correspondence and electronic documents, should be produced in accordance with the following specification:

    a.    Except as specified herein or otherwise agreed, ESI will be produced in single-page .TIFF Group 4 Compression files with corresponding text files and the metadata fields specified below in a separate load file compatible with litigation database software such as Concordance, Relativity, and Summation. Unless they are privileged or redacted, any PowerPoint, Excel, or other file type that cannot be easily converted into a useable .TIFF file should be produced in native format.

    b.    Load files will, at a minimum, include the following metadata fields:

        i.    Beginning bates number;

        ii.    Ending bates number;

        iii.    Attachment bates range (for e-mail only);

        iv.    Page count;

        v.    Document extension (e.g., .doc, .PDF, etc.);

|       |                                        |
|-------|----------------------------------------|
| vi.   | File name or Title;                    |
| vii.  | Author;                                |
| viii. | To;                                    |
| ix.   | From;                                  |
| x.    | CC;                                    |
| xi.   | BCC;                                   |
| xii.  | E-mail subject (for e-mail only);      |
| xiii. | Date sent (for e-mail only);           |
| xiv.  | Time sent (for e-mail only);           |
| xv.   | Date created;                          |
| xvi.  | Time created;                          |
| xvii. | Date last modified;                    |
| xviii.| Time last modified;                    |
| xix.  | Legend (confidentiality designation);  |
| xx.   | MD5;                                   |
| xxi.  | Source/Custodian; and                  |
| xxii. | Native File Path.                      |

11. These requests seek information in the possession of or reasonably available to Major Tool. If Major Tool objects to any request or is able to provide only a portion of the requested documents, provide the documents that Major Tool is able to provide and state the reason for the inability or refusal to provide the remainder.

12. An ambiguity in any request, instruction, or definition is not a basis to refuse to respond or to withhold documents. If any such ambiguities are identified, the written response

3

should set forth the alleged ambiguity and the construction used in preparing the response and in locating and producing any responsive documents.

## REQUESTS

**Please produce the following:**

1. A copy of the solicitation or solicitations (and all amendments thereto) received from MOX in connection with the Reprocurement Subcontract, including any and all bills of material, drawings, and specifications provided.

2. All documents, including estimates, engineering analyses, workpapers, meeting minutes, and the like, concerning Major Tool's analysis of the designs of the NCR Unit, NDP Unit, or PQE GB 2000 called for in the Reprocurement Subcontract, including any assessments of the adequacy or completeness of, or any obstacles posed by, those designs.

3. All bids or proposals submitted to MOX for the Reprocurement Subcontract, including all amendments thereto.

4. All communications with MOX prior to the award of the Reprocurement Subcontract concerning the design of the NCR Unit, NDP Unit, or PQE GB 2000 and any changes thereto, and/or previous efforts to construct the NCR Unit, NDP Unit, or PQE GB 2000.

5. Copies of the Reprocurement Subcontract awarded by MOX, and all modifications thereto, including all terms and conditions, statements of work, and any attachments and reference documents associated with the Reprocurement Subcontract.

6. All communications with MOX after the award of the Reprocurement Subcontract concerning the designs of the NCR Unit, NDP Unit, or PQE GB 2000 called for in the Reprocurement Subcontract, including specifically all communications concerning the adequacy

4

or completeness of the designs, changes to the designs, modifications to the Reprocurement Subcontract, increases in costs, and alterations to or impacts on the project schedule.

7.   Copies of all deficiency reports, supplier requests, engineering change requests, requests for change proposal, and subcontract modifications issued in connection with the Reprocurement Subcontract.

8.   Copies of all invoices sent to MOX and all records of payment received from MOX for work charged to the Reprocurement Subcontract.

9.   Copies of all claims or requests for equitable adjustments prepared or sent by Major Tool to MOX relating to or alleging deficiencies in the design of the NCR Unit, NDP Unit, or PQE GB 2000.

10.   Copies of all documents prepared, sent, or received by Major Tool to or from MOX concerning, reflecting, or summarizing claims, requests for equitable adjustments, lawsuits, or other disputes by Glovebox Subcontractors relating to or alleging deficiencies in the glovebox designs for the MOX Project.